IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ISAAC NICHOLAS | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO.  WDQ-05-2800 |
| NATIONAL SECURITY AGENCY | * | |
|     Defendant. | | |
| | *** | |

# **MEMORANDUM**

Plaintiff is a prisoner at the "CMC West" correctional facility in San Luis Obispo, California. He filed this Complaint pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking to compel the National Security Agency ("NSA") to produce documentation establishing that he was a member of a military unit known as "Black Dog Special Forces," which he alleges had an "original mission statement (purpose) [as a] strictly a hunter-killer team...."  Plaintiff seeks judicial review of the NSA's failure to locate records and the September 16, 2005, decision by the NSA's Appeals Authority to deny his appeal. *See* 5 U.S.C. § 552(a)(4)(B).

Defendant National Security Agency ("NSA") moves for summary judgment on Plaintiff's FOIA claims, arguing that the agency has complied with its obligations under the Act. Paper No. 10. Plaintiff's Opposition[1] and Defendant's Reply followed. Paper Nos. 12 & 13. The case may be determined on the pleadings and without oral hearing. *See* Local Rule 105.6 (D. Md. 2004).

Under the FOIA, an agency "shall" make available to any person records that the person "reasonably describes" in a request to the agency "in accordance with published rules" governing

---

[1]  Plaintiff claims that the NSA has information regarding $47.5 million placed in his Costa Rican bank account. Paper No. 12. He also continues to reference $12.5 million in United States currency that he claims is within the actual or constructive control or possession of the United States government. *Id*.  He asserts that he has set out a colorable criminal "fraud" claim under 18 U.S.C. § 2314. *Id*.

such requests. 5 U.S.C. § 552(a)(3)(A). An agency is excused from this requirement only with respect to materials that fall within one of FOIA's nine specific exemptions. *See* § 552(b)(1)-(9). However, the exemptions to the FOIA are permissive in nature rather than mandatory. *See Mead Data Central, Inc. v. United States Dept. of the Air Force*, 566 F.2d 242, 258 (D.C. Cir.1977); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 293 (1979) ("Congress did not design the FOIA exemptions to be mandatory bars to disclosure.").

Summary judgment may be granted only if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Here, Defendant requests entry of summary judgment on Plaintiff's claims on the ground that it has fully responded to Plaintiff's request for documents pursuant to the FOIA. "Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and inferences to be drawn from them are construed in the light most favorable to the FOIA requester." *Miller v. Department of State*, 779 F.2d 1378, 1382 (8th Cir. 1985). This may be accomplished by demonstrating that the agency conducted a "search reasonably calculated to uncover all relevant documents" and that the search was reasonably adequate under the facts of the specific case. *Ethyl Corp. v. United States Environmental Protection Agency*, 25 F.3d 1241, 1246 (4th Cir. 1994) (*quoting Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir.1984)); *see also Zemansky v. United States Environmental Protection Agency*, 767 F.2d 569, 571 (9th Cir. 1985). An agency may rely on a reasonably detailed, nonconclusory, good faith affidavit to show the adequacy of its search. *See Ethyl Corp.*, 25 F.3d at 1247. It is not necessary that a search unveil every potentially responsive or relevant document. *Id*. at 1246. Additionally, a record

must be either created or obtained by an agency before it may become an "agency record" within the meaning of the FOIA.  *See Forsham v. Harris*, 445 U.S. 169, 182 (1980).

On September 28, 2003, Plaintiff submitted an FOIA request to the NSA asking that all records on himself and the "Black Dog Special Forces" be produced.  Paper No. 10, Ex. A at Giles Decl.  After the NSA received the FOIA request, the matter was forwarded to the NSA's Office of Policy on October 10, 2003.  *Id*., Ex. A at Ex. 1.  NSA states that its staff conducted a thorough search of its applicant, personnel, security, and training systems, along with its personnel meeting files, looking for information on Plaintiff and the "Black Dog Special Forces."  *Id*., Ex. A at Ex. 1, ¶ 9.  No responsive records were found.  *Id*.

On October 23, 2003, less than one month after the FOIA request was filed, NSA informed Plaintiff that no responsive records had been located after a thorough file search.  *Id*., Ex. A at Ex. 2.  On November 2, 2003, Plaintiff appealed the NSA's determination.  *Id*., Ex. A at Ex. 3.  On September 16, 2005, the Deputy Director of the NSA denied Plaintiff's appeal and advised him of his right to seek judicial review.  *Id*., Ex. A at Ex. 4.  In denying the appeal, the Deputy Director noted that the NSA had "conducted searches of its most comprehensive records systems to include applicant, personnel, security, and training files."  *Id*.

Defendant's evidence is sufficient to carry its burden of demonstrating that it has conducted an adequate search with respect to the documents requested.  Plaintiff's assertion that he was a member of the "Black Dog Special Forces" and that only "Secretary of Defense Donald Rumsfeld can certify that I and my unit 'Black Dog Special Forces' have provided active military service and that the NSA provided active logistical support for several of our missions" is not evidence creating a genuine issue of fact as to Defendant's burden of proof in the instant action.  *See* Fed. R. Civ. P.

56(e). Federal jurisdiction under FOIA is premised on a finding that an agency has improperly withheld records. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). If the NSA does not have the records, it cannot be found of improperly withholding such materials. *See Jones v. Federal Bureau of Investigation*, 41 F.3d 238, 249 (6th Cir. 1994). Consequently, Defendant's Motion for Summary Judgment is granted as to Plaintiffs's FOIA claims.

      A separate Order follows.


Date: <u>May 11, 2006</u>               <u>        /s/            </u>
                                              William D. Quarles, Jr.
                                              United States District Judge